WARM SPRINGS DAM TASK FORCE ᴇᴛ ᴀʟ. *v.* GRIBBLE
ᴇᴛ ᴀʟ.

No. A–357.   Decided October 20, 1978

Mʀ. Jᴜsᴛɪᴄᴇ RᴇʜɴQᴜɪsᴛ, Circuit Justice.

Applicants request that I stay an order of the United States District Court for the Northern District of California pending disposition of their appeal therefrom by the United States Court of Appeals for the Ninth Circuit. The District Court's order denied applicants' request for a permanent injunction to halt further construction in connection with the Warm Springs Dam-Lake Sonoma project on Dry and Warm Springs Creeks in Sonoma County, Cal. (Dam). Applicants also ask that pending disposition of their appeal I enjoin all further construction activity at the site, except work for the purpose of protecting the soil from effects of weathering and erosion.

The Dam will be an earthen-filled dam, holding back a reservoir of water, across Dry Creek, a major tributary of the Russian River in Sonoma County. It is a multipurpose project designed to provide flood control, water supply, and recreation. The Dam was first authorized in the Flood Control Act of 1962, Pub. L. 87–874, 76 Stat. 1173, 1192, and was under construction when the National Environmental Policy Act of 1969, 42 U. S. C. § 4321 *et seq.* (NEPA), became law. An environmental impact statement was filed prior to the award of a contract for a major segment of the Dam and it is the

adequacy of that statement under NEPA which has been the focus of this litigation. When built, the Dam will sit atop the Dry Creek earthquake fault. A second fault is about 1½ miles away and the San Andreas fault is 18 miles distant.

Applicants brought an action in the District Court on March 22, 1974, seeking a preliminary injunction to stay further construction activity with respect to the Dam. During 14 days of hearings on the motion for a preliminary injunction, applicants raised questions about the integrity of the Dam should an earthquake occur and alleged poisoning of the water in the reservoir behind the Dam. On May 23, 1974, the District Court found that the environmental impact statement fully complied with NEPA and denied applicants' motion for the injunction. Thereafter, the Ninth Circuit denied applicants' motion for an injunction pending appeal. On June 17, 1974, Mr. Justice Douglas issued an order staying further disturbance of the soil in connection with the Dam, other than for research, investigation, planning, and design activity, pending decision of their appeal by the Court of Appeals. *Warm Springs Dam Task Force* v. *Gribble,* 417 U. S. 1301.

On August 18, 1975, the Court of Appeals remanded the case to the District Court to permit it to consider further the adequacy of the environmental impact statement in the areas of seismicity and purity of water in the proposed reservoir. The Court of Appeals continued the existing stay in effect until further action by the District Court. Although not ordered by the court, the Army Corps of Engineers prepared and widely circulated a supplement to the environmental impact statement covering the archaeological aspects of the Dam and the seismicity and water purity problems. After holding three days of hearings, the District Court concluded that all segments of the environmental impact statement fully complied with NEPA and denied applicants' motion for a permanent injunction.

On November 23, 1977, the Court of Appeals expedited

applicants' appeal of the District Court's order but denied applicants' request for interim injunctive relief in an opinion in which it concluded that applicants had not shown that they would suffer "significant harm" during the pendency of the expedited appeal. Oral argument on the appeal was heard on March 13, 1978. When decision of the appeal was not forthcoming, applicants renewed their request for a stay on May 8, 1978. A hearing on the motion was held on May 11, 1978, and on May 30, the Court of Appeals again denied applicants' request for interim relief. That same day, the Corps signed a major construction contract for the Dam.

On October 4, 1978, the Corps opened bids on a new contract for the construction of a proposed fish hatchery for the Dam. The Corps intends to let the contract on October 20, 1978. This development prompted applicants to make the instant request for a stay to me. They claim that this work will entail extensive expenditures and will have a direct impact on the physical environment of the area. Applicants did not first present their request to the Court of Appeals.

After considering all of the factors required by our rules and customary Circuit Justice practice, I have decided to deny applicants' request for a stay pending disposition of their appeal by the Ninth Circuit.

*Denied.*